UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUL 14 2006

DAVID J. MALAND, CLERK
BY
DEPUTY

| | |
|---|---|
| HYBRID PATENTS INCORPORATED, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § Civil Action No. 2-06CV-292TJW |
| COMCAST CORPORATION, § | |
| COMCAST OF DALLAS, LP, § | |
| TIME WARNER CABLE INC. and § | |
| COX COMMUNICATIONS INC. § JURY TRIAL DEMANDED |
| § | |
| Defendants § | |

## ORIGINAL COMPLAINT

Plaintiff, Hybrid Patents Incorporated ("Hybrid") brings this action against Comcast Corporation, Comcast of Dallas, LP, Time Warner Cable Inc. and Cox Communications Inc. (collectively "Defendants"), alleging as follows:

### The Parties

1.  Hybrid is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 512 Main St., Suite 601, Fort Worth, Texas 76102

2.  Upon information and belief, Comcast Corporation ("Comcast") is a corporation organized and existing under the laws of the state of Pennsylvania with a principal place of business at 1500 Market Street, Philadelphia, Pennsylvania 19102. Comcast is doing business in the United States and in this judicial district, directly and through one or more of its subsidiaries, partnerships

and business ventures. Comcast may be served with process by serving its registered agent, Comcast Capital Corporation, at 1201 Market Street, Suite 1000, Wilmington, Delaware 19801.

3. Upon information and belief, Comcast of Dallas, LP ("Comcast Dallas") is a limited partnership organized and existing under the laws of the state of Delaware with a principal place of business at 1201 Market Street, Suite 1405, Wilmington, Delaware 19801, and is doing business in this judicial district and elsewhere. Comcast Dallas may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

4. Upon information and belief, Time Warner Cable Inc. ("Time Warner"), a subsidiary of Time Warner Inc., a Delaware corporation, is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 7910 Crescent Executive Drive, Suite 56, Charlotte, North Carolina 28217, and is doing business in this judicial district and elsewhere. Time Warner may be served with process by serving its registered agent CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

5. Upon information and belief, Cox Communications Inc. ("Cox"), a subsidiary of Cox Enterprises, Inc., is a corporation organized and existing under the laws of the state of Georgia, with a principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319, and is doing business in this judicial district and elsewhere. Cox may be served with process by serving its registered agent, Raymond J. Tucker, at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

### Jurisdiction and Venue

6. This action for patent infringement arises under the patent laws of the United States, Title 35, United States Code, including § 271. The Court has exclusive subject matter jurisdiction under Title 28, United States Code, particularly §§ 1331 and 1338(a).

7. The Court has personal jurisdiction over Comcast because Comcast is present or doing business in this judicial district, directly or through one or more of its subsidiaries, partnerships and business ventures or because Comcast otherwise has minimum contacts with this judicial district.

8. The Court has personal jurisdiction over Comcast Dallas because Comcast Dallas is present or doing business in this judicial district or otherwise has minimum contacts with this judicial district.

9. The Court has personal jurisdiction over Time Warner because Time Warner is present or doing business in this judicial district or otherwise has minimum contacts with this judicial district

10. The Court has personal jurisdiction over Cox because Cox is present or doing business in this judicial district or otherwise has minimum contacts with this judicial district

11. Venue is proper under Title 28, United States Code §§ 1391(b) and (c), and 1400(b).

## Plaintiff's Patents

12 Hybrid is the owner of all right, title and interest in and to the following United States patents with the right to recover damages for all past infringement of the patents (collectively "Hybrid's Patents"):

(a) Patent No. 5,586,121 ("the '121 patent") entitled "Asymmetric Hybrid Access System and Method" duly and legally issued December 17, 1996, attached hereto as Exhibit A;

(b) Patent No. Re. 35, 774 ("the "774 patent") entitled "Remote Link Adapter for Use in TV Broadcast Data Transmission System" duly and legally issued April 21, 1998, attached hereto as Exhibit B;

(c) Patent No 5,818,845 ("the '845 patent") entitled "Hybrid Access System Having Channel Allocation and Prioritized Polling Schemes" duly and legally issued October 6, 1998, attached hereto as Exhibit C; and

(d) Patent No. 6,104,727 ("the '727 patent") entitled "Asymmetric Communication System with Regulated Upstream Channel" duly and legally issued August 15, 2000, attached hereto as Exhibit D

13. Hybrid or one or more of the previous owners of the Hybrid Patents have complied with the notice provisions of 35 U.S.C § 287 and Hybrid is entitled to recover past damages.

### Defendants' Activities

14. On information and belief, Defendants have performed a wide array of activities relating to high speed data transmission to subscribers using cable television systems and elements thereof, have used devices to provide high speed data transmission over their cable systems to subscribers, and have provided or recommended devices capable of receiving and processing high speed data transmissions through cable systems to their subscribers.

15. Comcast has developed, manages and operates broadband cable systems to provide High-speed Internet services in the United States. Comcast, directly and through one or more of its subsidiaries, partnerships and business ventures, provides High-speed Internet services to subscribers in the United States and in this judicial district and offers such services for sale to its general subscriber base and to potential subscribers in the United States and in this judicial district. Comcast receives revenue from subscribers to High-speed Internet services, including subscribers in this judicial district. Comcast uses devices capable of receiving and processing high speed data transmissions through its broadband cable systems. Comcast recommends to its subscribers the use

of devices capable of receiving and processing high speed data transmissions through its broadband cable systems.

16  On information and belief, Comcast's activities referenced in Paragraph 15 infringe, directly, by inducement, and/or by contributing to the infringement of, Hybrid's Patents.

17. Comcast Dallas has developed, manages and operates broadband cable systems to provide High-speed Internet services in the United States. Comcast Dallas provides High-speed Internet services to subscribers in the United States and in this judicial district and offers such services for sale to its general subscriber base and to potential subscribers in the United States and in this judicial district. Comcast Dallas receives revenue from subscribers to High-speed Internet services, including subscribers in this judicial district. Comcast Dallas uses devices capable of receiving and processing high speed data transmissions through its broadband cable systems. Comcast Dallas recommends to its subscribers the use of devices capable of receiving and processing high speed data transmissions through its broadband cable systems.

18. On information and belief, Comcast Dallas's activities referenced in Paragraph 17 infringe, directly, by inducement, and/or by contributing to the infringement of, Hybrid's Patents.

19. Time Warner has developed, manages and operates broadband cable systems to provide high-speed data services in the United States. Time Warner provides high-speed data services to subscribers in the United States and in this judicial district and offers such services for sale to its general subscriber base and to potential subscribers in the United States and in this judicial district. Time Warner receives revenue from its subscribers to high-speed data services, including subscribers in this judicial district. Time Warner uses devices capable of receiving and processing high speed data transmissions through its broadband cable systems. Time Warner recommends to

its subscribers the use of devices capable of receiving and processing high speed data transmissions through its broadband cable systems.

20. On information and belief, Time Warner's activities referenced in Paragraph 19 infringe, directly, by inducement, and/or by contributing to the infringement of, Hybrid's Patents.

21. Cox has developed, manages and operates broadband cable systems to provide High Speed Internet services in the United States. Cox provides High Speed Internet services to subscribers in the United States and offers such services for sale to its general subscriber base and to potential subscribers in the United States. Cox provides or has provided High Speed Internet services in this judicial district. Cox has received and continues to receive revenue from its subscribers to High-speed Internet services, including subscribers in this judicial district. Cox uses devices capable of receiving and processing high speed data transmissions through its broadband cable systems. Cox recommends to its subscribers the use of devices capable of receiving and processing high speed data transmissions through its broadband cable systems.

22. On information and belief, Cox's activities referenced in Paragraph 21 infringe, directly, by inducement, and/or by contributing to the infringement of, Hybrid's Patents.

### Willful Infringement

23. On information and belief, Comcast has knowledge of Hybrid's Patents and is infringing Hybrid's Patents willfully. Comcast will likely continue infringing Hybrid's Patents unless enjoined by this Court.

24. On information and belief, Comcast Dallas has knowledge of Hybrid's Patents and is infringing Hybrid's Patents willfully. Comcast Dallas will likely continue infringing Hybrid's Patents unless enjoined by this Court.

25. On information and belief, Time Warner has knowledge of Hybrid's Patents and is infringing Hybrid's Patents willfully. Time Warner will likely continue infringing Hybrid's Patents unless enjoined by this Court.

26. On information and belief, Cox has knowledge of Hybrid's Patents and is infringing Hybrid's Patents willfully. Cox will likely continue infringing Hybrid's Patents unless enjoined by this Court.

### Plaintiff's Damages

27. As a result of Defendants' infringing conduct, Hybrid has been damaged and will continue to suffer damages and irreparable harm without the issuance of an injunction by this Court.

### Exceptional Case

28. Each Defendant's willful infringement of the Patents and other conduct make this an exceptional case under 35 U.S.C. § 285.

### Requested Relief

29. WHEREFORE, Hybrid prays that this Court enter judgment:

(a) Enjoining Defendants and their subsidiaries, agents, officers and employees, and all others acting in concert with them, from providing infringing high-speed data transmission services;

(b) Enjoining Defendants and their subsidiaries, agents, officers and employees, and all others acting in concert with them from infringing Hybrid's Patents;

(c) Awarding Hybrid damages adequate to compensate for Defendants' infringement, including all infringement prior to the filing of this suit and any infringement up to the time of trial;

(d) Awarding Hybrid increased damages up to three times the amount found or assessed;

(e) Awarding Hybrid court costs, pre-judgment interest, post-judgment interest and

attorney's fees; and

  (f)  Granting Hybrid such other and further relief as is just

Demand For Jury Trial

  30.  Hybrid demands a jury trial on all claims and issues triable of right by a jury.

Date: July 14, 2006

By: /s/ William C. Slusser
William C. Slusser
Texas Bar No. 18514500
Attorney-in-Charge
SLUSSER WILSON & PARTRIDGE LLP
4720 Three Allen Center
333 Clay Street
Houston, Texas, 77002
Tel (713) 860-3300
Fax (713) 860-3333
E-mail: slusser@slusser-law.com

Of Counsel:
Michael Wilson
Texas Bar No. 21704650
SLUSSER WILSON & PARTRIDGE LLP
4720 Three Allen Center
333 Clay Street
Houston, Texas, 77002
Tel (713) 860-3300
Fax (713) 860-3333
E-mail: mwilson@slusser-law.com

ATTORNEYS FOR PLAINTIFF
HYBRID PATENTS INCORPORATED